# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>KOJO H. MOORE, et al.,<br><br>    Defendants. | 1:12-cv-00265-LJO-BAM<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT AND GRANTING 30 DAYS LEAVE TO AMEND**<br><br>(Doc. 1) |

## I.  INTRODUCTION

On February 6, 2012, Plaintiff Stephen Garcia ("Plaintiff"), proceeding pro se and in forma pauperis, filed a complaint in the United States District Court for the Central District of California against Kojo Moore (a Fresno defense attorney; "Moore") and Moore's law firm Ciummo & Associates ("Ciummo") (Ciummo and Moore are collectively referred to as "Defendants").  On February 16, 2012, the Central District transferred Plaintiff's case to this Court pursuant to 28 U.S.C. § 1406(a).

Plaintiff challenges the legal services Plaintiff received from Defendants, which Plaintiff deemed to be unsatisfactory.  Plaintiff purports to state claims for "Breach of Fiduciary Duty" (Pl.'s Compl., 8-13, Doc.1), "Negligent Misrepresentation" (Pl.'s Compl., 14-18, Doc.1),

1

"Professional Negligence (Legal Malpractice)" (Pl.'s Compl., 19-20, Doc.1), and "Breach of Contract." (Pl.'s Compl., 21-23, Doc.1.)

## II. BACKGROUND

On December 12, 2008, Plaintiff was arrested as a result of an altercation with employees of a "Rite-Aid" in Fresno, California. (Pl.'s Compl., 3: 3-6, Doc.1.) A subsequent altercation ensued with arresting officers. (Pl.'s Compl., 3-4, Doc.1.) At the criminal proceedings, Kojo H. Moore, an attorney with Ciummo & Associates, was appointed as counsel for Plaintiff. (Pl.'s Compl., 5, Doc.1.) Plaintiff alleges Moore failed to provide adequate representation, prompting the filing of the instant matter. (Pl.'s Compl., 5-7, Doc.1.)

## III. DISCUSSION

**A. Screening Requirement**

Pursuant to Title 28 of the United States Code Section 1915(e)(2), the Court has reviewed the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if it determines that the action is legally "frivolous or malicious," or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S.

1  Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all
2  factual allegations contained in a complaint, a court need not accept a plaintiff's legal
3  conclusions as true.  *Iqbal*, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of
4  action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550
5  U.S. at 555).  If the Court determines that the complaint fails to state a claim, leave to amend
6  may be granted to the extent that the deficiencies of the complaint can be cured by amendment.
7  *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

8  **B.      Plaintiff's Claims Must Be Dismissed For Lack of Subject Matter Jurisdiction**

9  Federal courts are courts of limited jurisdiction and lack inherent or general subject
10 matter jurisdiction. Federal courts can only adjudicate those cases in which the United States
11 Constitution and Congress authorize them to adjudicate.  *Kokkonen v. Guardian Life Ins. Co.,*
12 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, (1994).  The presumption is that federal courts lack
13 jurisdiction over civil actions, and the burden to establish the contrary rests upon the party
14 asserting jurisdiction. *Id.*

15 A district court has a duty to determine subject matter jurisdiction over the action before
16 it sua sponte. *United Investors Life Ins. Co. v. Waddell & Reed, Inc* ., 360 F.3d 960, 967 (9th
17 Cir.2004).  Sua sponte dismissal for lack of subject matter jurisdiction is appropriate at any stage
18 of the proceedings. *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.,* 336 F.3d 982, 985 (9th
19 Cir.2003); *see also* Fed.R.Civ.P. 12(h)(3).

20 **1.      Plaintiff's Claims Do Not Present Any Federal Questions**

21 Title 28 of the United States Code, Section 1331, provides that "the district courts shall
22 have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the
23 United States."  Plaintiff's Complaint attaches a civil cover sheet representing this action is
24 predicated upon federal question jurisdiction. (Pl.'s Compl., 25, Doc.1.)  Plaintiff's causes of
25 action, however, do not invoke this Court's jurisdiction under 28 U.S.C. § 1331.

26 All of Plaintiff's claims are governed by California law.  Plaintiff's claim for breach of
27 fiduciary duty "is a species of tort," which is governed by state law. *Stanly v. Richmond,* 35 Cal.
28

App. 4th 1070, 1086 (1995). The elements required to establish Plaintiff's claim for negligent misrepresentation are provided by California Civil Code Section 1572, subdivision 2. *See Bily v. Arthur Young & Co.,* 3 Cal. 4th 370, 407-408 (1992). Plaintiff's claim for professional negligence, or legal malpractice, is a state law claim for which "there exists no independent basis of federal jurisdiction." *See Aragon v. Federated Dept. Stores, Inc.*, 750 F.2d 1447, 1457-58 (9th Cir.1985) (finding no jurisdiction over state law malpractice claim action against law firm for mishandling of labor grievance). Lastly, Plaintiff's breach of contract claim is governed by California law. *See Delaye v. Agripac, Inc.,* 39 F.3d 235, 238 (9th Cir. 1994) (a claim that a "contract was breached does not present a federal question.") Accordingly, this Court does not have jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331.

### 2. This Court Does Not Have Diversity Jurisdiction Over Plaintiff's Claims

For this Court to exercise diversity jurisdiction under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000, **and** the parties must be citizens of different states. 28 U.S.C. § 1332(a)(1). The Supreme Court has repeatedly held that Section 1332 requires complete diversity, whereby "[i]n a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 125 S. Ct. 2611 (2005); *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 679 (9th Cir. 2006).

The general rule for determining an individual's state of citizenship is that a "natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). The general rule in determining diversity jurisdiction for a corporation is that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c).

While the party asserting diversity jurisdiction is merely required to allege diversity at the pleading stage, it is nonetheless required to affirmatively allege the citizenship of the relevant parties, and failure to do so can be fatal to an assertion of diversity jurisdiction. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) (holding that "failure to specify state citizenship was fatal to [an] assertion of diversity jurisdiction"); *Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400 (9th Cir.1990) (no diversity jurisdiction where plaintiff made no allegations respecting citizenship of defendant)*; Citizen's Comm. to Save the Land Grant RRs v. Burlington N., Inc.,* 708 F.2d 1430, 1435 (9th Cir.1983).

Plaintiff's claims do not confer diversity subject matter jurisdiction upon this Court under 28 U.S.C. § 1332. According to Plaintiff, the amount in controversy is $10,000,000. Plaintiff, however, has not alleged the citizenship of either Defendant, nor Plaintiff's own citizenship. This failure, in and of itself, warrants dismissal.

Moreover, a cursory review of Plaintiff's Complaint indicates that the parties are not of diverse citizenship. Plaintiff lives at 303 East 5th Street, Los Angeles, California 90013. Plaintiff is domiciled in, and is a citizen of, the State of California. Defendant Ciummo & Associates is a professional law corporation which maintains offices exclusively in the State of California. *See* Richard A. Ciummo & Associates list of office locations, *available at* http://www.ciummolaw.com (last visited March 8, 2012.) As an employee of Ciummo & Associates, Defendant Moore is presumably domiciled in California as well. Under these facts, the required complete diversity is not present to confer subject matter jurisdiction under 28 U.S.C. § 1332. However, the Court is without sufficient information to reach such a conclusion at this time because Plaintiff has failed to allege the citizenship of the parties. Leave to amend will be granted.

## IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND;

2. Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order; and

3. If Plaintiff fails to file an amended complaint in compliance with this Order, this action will be dismissed WITH PREJUDICE, for failure to state a claim.

IT IS SO ORDERED.

**Dated:** **March 9, 2012**     /s/ **Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE